**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| YVEL JEAN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, MOSHANNON VALLEY PROCESSING CENTER, *et al.*,<br><br>Respondents. | ) | Case No. 3:26-cv-1241<br>Judge Stephanie L. Haines |

**MEMORANDUM OPINION AND ORDER**

On July 1, 2026, Petitioner Yvel Jean ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Habeas Petition") pursuant to 28 U.S.C § 2241 (ECF No. 4) and accompanying Brief (ECF No. 5). Respondents filed their response in opposition on July 8, 2026 (ECF No. 7). The Habeas Petition is now fully briefed and ripe for disposition. For the following reasons, the Court will **DENY** Petitioner's Habeas Petition, ECF No. 4.

## I. Facts[1]

Petitioner is "a citizen and national of Haiti" who overstayed his K-1 (fiancé) visa in 2021. ECF No. 4, p. 6; ECF No. 7, p. 2; ECF No. 7-1, p. 2. On May 5, 2026, an immigration judge denied Petitioner's application for adjustment of status and ordered Petitioner removed to Haiti. ECF No. 7-3. On May 22, 2026, Petitioner appealed this order of removal to the Board of Immigration Appeals ("BIA"), and as of last update from the parties, this appeal appears to still be pending. ECF No. 7-4.

On or around January 30, 2026, Petitioner was taken into custody by ICE officials. ECF

[1] The Court derives the following undisputed factual background from both Petitioner's and Respondents' submissions to the Court.

No. 4, p. 6; ECF No. 7-1, p. 2. On February 10, 2026, an immigration judge denied bond to Petitioner because Petitioner "had not met his burden of showing a lack of dangerousness." ECF No. 7, p. 3-7; ECF No. 7-2. It does not appear that Petitioner appealed this denial. ECF No. 7, p. 3.

## II. Parties' Allegations & Relief Requested

In his petition, Petitioner argues that he is properly detained under § 1226(a) and is thus owed a bond hearing; that ICE violated the Due Process Clause of the Fifth Amendment by not making the required individualized assessment of flight risk or dangerousness before detaining him; and that his arrest violated the Fourth Amendment. ECF No. 4, p. 6. As relief, he asks that this Court order his "immediate release from detention, or, in the alternative, order a bond hearing at which the government bears the burden of proof by clear and convincing evidence[;]" and enjoin Respondents from redetaining him unless a travel document is obtained. *Id.* at 7.

In turn, Respondents agree that Petitioner is detained under § 1226(a), but contend that he received a bond hearing before an immigration judge on February 10, 2026; that such bond hearing addressed the requirement for an individualized custody determination; that Petitioner's Fourth Amendment claim is "unproven and irrelevant[;]" and that Petitioner is not entitled to another bond hearing under due process and based upon an evaluation of the *German Santos* factors.[2] ECF No.

[2] Petitioner does not provide a response to this contention (*see generally* ECF Nos. 4; 5), but the Court agrees with Respondents that Petitioner's detention is currently permissible under *German Santos.* Even if a petitioner has received an initial bond hearing under § 1226(a), this Court has previously concluded that Third Circuit precedent does not categorically foreclose a burden-shifted bond hearing for § 1226(a) detainees experiencing prolonged detention. *See Fadel v. Warden of Moshannon Valley ICE Processing Ctr.*, No. 3:26-cv-00625, 2026 WL 1649901, at *2–3 (W.D. Pa. June 8, 2026). In conducting an analysis of whether the *Fadel* petitioner's detention under § 1226(a) had become prolonged, this Court looked to the following four *German Santos* factors to determine if his detention had become unconstitutional under the Due Process Clause of the Fifth Amendment: (i) the duration of detention; (ii) whether the detention is likely to continue; (iii) reasons for the delay; and (iv) whether the detainee's conditions of confinement are "meaningfully different from criminal punishment." *German Santos v. Warden Pike Cty. Corr. Facility*, 965 F.3d 203, 210-11. Among these factors, "[t]he most important factor is the duration of detention." *Id.* at 211. Here, this case is materially different from *Fadel* because Petitioner does not sufficiently assert the *German Santos* factors. Namely, Petitioner's eight-month detention is less than the nine-month detention experienced by the *Fadel* petitioner. *See Fadel*, 2026 WL 1649901, at *2–3; *c.f. Lindsay v. Oddo,* No. 3:26-CV-1369, 2026 WL 2450688 (W.D. Pa. Aug.

7, p. 1-9.

### III. Discussion

"Before the government can exercise its discretion to detain a noncitizen under § 1226, ICE must make an individualized custody determination[,]" and such determination is statutorily required to be subsequently reviewable by an immigration judge and the BIA. *See Dzehtisarou v. Mullin*, No. 26-5060, 2026 WL 2211392, at *4 (E.D. Pa. July 31, 2026).

In their respective filings, both Petitioner and Respondents agree that Petitioner is detained under § 1226(a). *See* ECF No. 7, p. 1; ECF No. 4, p. 6. Respondents have also provided an "Order of the Immigration Judge" (ECF No. 7-2), which establishes that a bond hearing was conducted upon Petitioner's request for a custody redetermination by an immigration judge on February 10, 2026, within two weeks of Petitioner's arrest. *See* ECF No. 7-2, p. 1. Petitioner does not contest the accuracy of this document, claim that the immigration judge failed to make an individualized custody determination during this bond hearing, nor allege any other specific issues with this bond hearing that he received. *See generally* ECF Nos. 4; 5. As such, because Petitioner has already received an individualized bond hearing pursuant to his detention under § 1226(a), the Court finds that Petitioner's claims regarding the properness of his detention under § 1226(a) and the lack of bond hearing and individualized custody determination are moot. Thus, it will proceed directly to Petitioner's remaining Fourth Amendment claim.

Under § 1252(b)(9), "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States[,]" must be raised in a

---

21, 2026) (declining to order a bond hearing under *German Santos* where the petitioner had only been detained for less than nine months). Petitioner also does not identify any reasons for delay, allege that his conditions of confinement are the same as criminal punishment, or assert some other intervening circumstances which would demonstrate why his continued detention has become unconstitutionally prolonged. *See German Santos*, 965 F.3d at 210-11.

petition for review of a final order, even if a petitioner must "wait to seek relief for allegedly unlawful government conduct." *See* 8 U.S.C. § 1252(b)(9); *Khalil v. President*, 164 F.4th 259, 275 (3d Cir. 2026). This ensures that "petitioners get only one bite at the apple[,]" and prevents "piecemeal litigation" from occurring simultaneously in various courts. *Khalil*, 164 F.4th at 275 (quoting *E.O.H.C. v. Sec'y United States Dep't of Homeland Sec.*, 950 F.3d 177, 184 (3d Cir. 2020)). As such, when evaluating a habeas petition, a district court can only review a "now-or-never" claim, which raises questions that cannot be reviewed later "on a petition for review of a final order of removal." *Id.* at 275; *see also Tonfack v. AG United States*, 580 F. App'x 79, 81 (3d Cir. 2014) ("Our conclusion that Tonfack's § 2241 petition challenges a notice of removal is reinforced by the fact that his arguments are often considered by courts via petitions for review.").

Here, Petitioner asserts that his arrest was a violation of his Fourth Amendment rights. *See* ECF No. 4, p. 6. This claim, however, arose from an "action taken or proceeding brought to remove an alien from the United States[,]" so it must be raised in a petition for review before the Third Circuit. *See Khalil*, 164 F.4th at 275-277. For instance, the Third Circuit has recently analyzed similar Fourth Amendment claims via petitions for review, confirming that these claims are properly brought before the Third Circuit and thus are likely unreviewable by district courts in habeas. *See Matos v. AG United States,* 757 F. App'x 214 (3d Cir. 2018); *see also Oliva-Ramos v. AG of the United States*, 694 F.3d 259 (3d Cir. 2012). As such, because Petitioner's Fourth Amendment claim can be reviewed later in a petition for review, the Court lacks jurisdiction.[3]

[3] Even if the Court had jurisdiction, "Petitioner's Fourth Amendment argument also does not warrant 'the remedy Petitioner requests: release from detention. [T]he remedy for an unlawful arrest is the suppression of evidence obtained therefrom, not release from custody.'" *See Noori v. Soto*, No. 26-0951 (SDW), 2026 WL 631642, at *2 (D.N.J. Mar. 5, 2026) (quoting *Valenzuela v. Semaia*, No. 5:25-cv-02853, 2025 WL 3635578, at *4 (C.D. Cal. Nov. 3, 2025)). Here, Petitioner does not seek suppression of any evidence. *See* ECF No. 4, p. 7. Thus, even assuming jurisdiction, the Court could not provide the relief sought by Petitioner.

**IV. Conclusion**

Therefore, for the reasons set forth herein, the Court will deny Petitioner's Habeas Petition, ECF No. 4. An appropriate Order follows.

**ORDER**

**AND NOW**, this 30th day of September 2026, for the reasons stated in the Memorandum Opinion, it is hereby **ORDERED** that:

1. Petitioner's Habeas Petition, ECF No. 4, is **DENIED.**
2. With no further action required by the Court at this time, the Clerk of Court shall mark this matter closed.

Stephanie L. Haines
United States District Court Judge